DISTRICT COURT OF THE VIRGIN ISLANDS
DIVISION OF ST. THOMAS AND ST. JOHN

| | |
|---|---|
| RUSSELL ROBINSON, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 3:22-cv-0021 |
| | ) |
| DEPARTMENT OF HOMELAND SECURITY, | ) |
| CUSTOMS AND BORDER PROTECTON, | ) |
| | ) |
| Defendant. | ) |
| | ) |

**APPEARANCES:**

**RUSSELL ROBINSON,** *PRO SE*
ST. THOMAS, U.S. VIRGIN ISLANDS
    *PLAINTIFF*,

**KIMBERLY L. COLE, ESQ.**
ASSISTANT UNITED STATES ATTORNEY
OFFICE THE UNITED STATES ATTORNEY
ST. THOMAS, U.S. VIRGIN ISLANDS
    *FOR DEFENDANT*

## MEMORANDUM OPINION

**MOLLOY, Chief Judge**

**BEFORE THE COURT** is Defendant's Motion to Dismiss (Mot.) (ECF No. 14), filed on June 6, 2022. Defendant moves the Court to dismiss the complaint for lack of subject matter jurisdiction and for failure to state a claim pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6). Plaintiff filed an opposition to the motion (*see* ECF No. 16), but the Court determined that the document was filed incorrectly and instructed Plaintiff to re-file. *See* Notice of Corrected Docket Entry dated June 7, 2022. The record is devoid of any re-filing. This matter is ripe for adjudication. For the reasons stated below, the Court will grant Defendant's motion.

### I. FACTUAL AND PROCEDURAL BACKGROUND

Plaintiff alleges that he owns an aircraft "parked at the Cyril E. King Airport, located in St. Thomas, VI, under signed [sic] parking contract with the Virgin Islands Port Authority

("VIPA")." Complaint (Compl.) (ECF No. 1) at ¶ 5. Plaintiff also alleges that he had a "legally issued" VIPA Security Identification Display Area (SIDA) badge, which was "due to expire on March 25, 2022." Compl. at ¶ 10. Plaintiff's claim in this proceeding centers around this aircraft and SIDA badge/ramp access.

On or about November 29, 2021, Plaintiff was arrested and charged with conspiracy to possess with the intent to distribute cocaine and possession with intent to distribute cocaine. *See United States v. Robinson*, Case No. 3:21-cr-00027 (D.V.I.). According to the United States, a little over a week later, agents of the Caribbean Air and Marine Branch (CAMB) of U.S. Customs and Border Protection (CBP) in St. Thomas obtained information that, "in March of 2008 the Federal Aviation Administration (FAA) revoked Plaintiff's commercial pilot and mechanic licenses due to a 2007 conviction for various charges involving conspiracy to possess with intent to distribute cocaine, conspiracy to import cocaine, and money laundering conspiracy." Declaration of Jeffrey David Rincon (Declaration) (ECF No. 15-1) at ¶ 4; Defendant's Memorandum in Support of Motion to Dismiss (Mem.) (ECF No. 15) at 2.

The United States also states that, after meeting with CAMB agents in St. Thomas on December 9, 2021, officials of the Virgin Islands Port Authority (VIPA) "decided not to renew or revoke Robinson's Security Identification Display Area (SIDA) badge, which had provided him with ramp access at the Cyril E. King Airport in St. Thomas, U.S. Virgin Islands. CBP was not involved in the issuance of the SIDA denial/revocation letter." Declaration at ¶ 5; Mem. at 2. Plaintiff alleges that when he called VIPA on March 3, 2022, to initiate the process to renew his badge, he was informed that VIPA was unable to issue him a pilot's badge, based upon paperwork provided to VIPA from the CBP that the FAA had revoked Plaintiff's pilot license "some time ago." Compl. at ¶ 11.

As part of CBP's criminal investigation of Plaintiff related to the *United States v. Robinson*, 3:21-cv-00027 (D.V.I.), proceeding, "[o]n March 8, 2022, CAMB agents detained the aircraft and assisted the Drug Enforcement Administration (DEA) in processing the seizure of Robinson's aircraft as part of an ongoing DEA investigation. CAMB initiated the seizure and on that same day transferred the aircraft over to DEA so they could conduct the

administrative forfeiture process and/or any criminal proceeding." Declaration at ¶ 6.[1] On March 7, 2022, and March 14, 2022, CBP received two administrative tort claims filed by Plaintiff alleging that CBP intentionally interfered with his right to contract and do business because it coerced or instructed the VIPA into revoking and/or denying his SIDA badge at the Cyril E. King Airport. ECF Nos. 1-3 and 1-4. In the second claim, Plaintiff also alleged that CBP caused damage to his aircraft (N37CK) during the seizure. *See* ECF No. 1-3. CBP reviewed the administrative claims and, on March 30, 2022, served Plaintiff with notice that the claims had been denied. *See* ECF No. 1-2. On April 6, 2022, Plaintiff filed the instant case alleging that the CBP unlawfully interfered with his VIPA SIDA bade and that the CBP/DEA's seizure of his aircraft is an unlawful taking in violation of the Fifth Amendment of the United States Constitution. Compl. at ¶¶ 14, 22, and 25. Thereafter, Plaintiff received a Notice of Seizure, dated May 3, 2022, from the DEA. *See* ECF Nos. 13-1 and 13-2. The United States moves to dismiss the complaint in this action for lack of subject matter jurisdiction and/or failure to state a claim. Mot. at 1.

## II. LEGAL STANDARD

A motion to dismiss under Rule 12(b)(1) of the Federal Rules of Civil Procedure challenges the court's jurisdiction over the case. The plaintiff bears the burden of proving subject matter jurisdiction exists. *Kehr Packages, Inc. v. Fidelcor, Inc.*, 926 F.2d 1406, 1409 (3d Cir. 1991). Where the complaint does not allege facts sufficient to establish subject matter jurisdiction of the court, a party may move to dismiss pursuant Rule 12(b)(1) of the Federal Rules of Civil Procedure.

Under Rule 12(b)(1), a party may present either a facial or factual challenge to subject matter jurisdiction, but a factual challenge typically is brought only after the defendant files an answer or has engaged in discovery. *See Mortensen v. First Fed. Sav. & Loan* Ass'n, 549 F. 2d 884, 891-92 (3d Cir. 1977). When a factual attack is procedurally premature, the Court

---

[1] According to Agent Rincon,

> As part of the initial inspection, CBP had a certified mechanic examine the aircraft to determine its airworthiness prior to transporting it to a DEA approved storage facility. The aircraft was determined not to be airworthy, and it is still being stored at the Cyril E. King Airport. The aircraft did not suffer any damage during the CBP detention and inspection, and it is currently in the custody of the DEA.

Declaration at ¶ 7.

usually treats the motion as a facial challenge. *Askew v. Trustees of Gen. Assembly of Church of the Lord Jesus Christ of the Apostolic Faith Inc.*, 684 F. 3d 413, 417 (3d Cir. 2012) ("As the defendants had not answered and the parties had not engaged in discovery, the first motion to dismiss was facial.").

In a facial challenge, the Court "will consider 'whether the allegations on the face of the complaint, taken as true, allege facts sufficient to invoke the jurisdiction of the district court.'" *Nellom v. Delaware Cty. Domestic Rels. Section*, 145 F. Supp. 3d 470, 476 (E.D. Pa. 2015) (quoting *Taliaferro v. Darby Twp. Zoning Bd.*, 458 F.3d 181, 188 (3d Cir. 2006)). In addition to the complaint, the Court may also consider "documents referenced therein and attached thereto, in the light most favorable to the plaintiff." *Gould Elecs., Inc. v. United States*, 220 F.3d 169, 176 (3d Cir. 2000). When considering a factual challenge, the court "may consider evidence outside the pleadings." *Id*. In addition, "no presumptive truthfulness attaches to plaintiff's allegations, and the existence of disputed material facts will not preclude the trial court from evaluating for itself the merits of jurisdictional claims. Moreover, the plaintiff will have the burden of proof that jurisdiction does in fact exist." *Mortensen*, 549 F.2d at 891.

A complaint may be dismissed for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). When reviewing a motion to dismiss brought pursuant to Federal Rules of Civil Procedure 12(b)(6), the Court construes the complaint "in the light most favorable to the plaintiff*." In re Insurance Brokerage Antitrust Litig.*, 618 F.3d 300, 314 (3d Cir. 2010). The Court must accept as true all the factual allegations contained in the complaint and draw all reasonable inferences in favor of the non-moving party*. Alston v. Parker*, 363 F.3d 229, 233 (3d Cir. 2004). "In deciding a Rule 12(b)(6) motion, a court must consider only the complaint, exhibits attached to the complaint, matters of public record, as well as undisputedly authentic documents if the complainant's claims are based upon these documents." *Mayer v. Belichick*, 605 F.3d 223, 230 (3d Cir. 2010) *cert. denied*, 562 U.S. 1271 (2011).

The Supreme Court set forth the "plausibility" standard for overcoming a motion to dismiss in *Bell Atlantic v. Twombly*, 550 U.S. 544 (2007) and refined this approach in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009). The plausibility standard requires the complaint to allege

*Robinson v. Dep't of Homeland Sec.*
Case No. 3:22-cv-0021
Memorandum Opinion
Page 5 of 16

"enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. A complaint satisfies the plausibility standard when the factual pleadings "allow[ ] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 556). This standard requires showing "more than a sheer possibility that a defendant has acted unlawfully." *Id.* A complaint which pleads facts "'merely consistent with' a defendant's liability, . . . 'stops short of the line between possibility and plausibility of "entitlement of relief."'" *Id.* (citing *Twombly*, 550 U.S. at 557).

To determine the sufficiency of a complaint under the plausibility standard, the Court must take the following three steps:

> First, the court must "tak[e] note of the elements a plaintiff must plead to state a claim." Second, the court should identify allegations that, "because they are no more than conclusions, are not entitled to the assumption of truth." Finally, "where there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement for relief."

*Santiago v. Warminster Twp.*, 629 F.3d 121, 130 (3d Cir. 2010) (quoting *Iqbal*, 556 U.S. at 674, 679).

### III. DISCUSSION

As the Court construes Plaintiff's complaint, Plaintiff seeks money damages for Defendant's alleged interference with his airport ramp access/SIDA badge and the seizure of his aircraft as violations of the Fifth Amendment takings clause. Compl. at ¶¶ 25-26.

### *A. Subject Matter Jurisdiction*

Federal district courts are courts of limited jurisdiction. A federal district court can exercise subject matter jurisdiction based upon only federal question jurisdiction or diversity jurisdiction. *See, e.g., DeLagarde v. Tours VI Ltd.*, Case No. 3:20-cv-0093, 2022 U.S. Dist. LEXIS 34405, at *6-7 (D.V.I. Feb. 28, 2022); 28 U.S.C. §§ 1331-33. Thus, if the Court "lacks subject-matter jurisdiction, the [C]ourt *must* dismiss the action." Fed. R. Civ. P. 12(h)(3) (emphasis added). Plaintiff asserts that the Court has federal question subject matter jurisdiction pursuant to: the Federal Tort Claims Act (FTCA), specifically, 28 U.S.C. §§ 1346(b) and 2680(c)(4), and the Declaratory Judgments Act (28 U.S.C. §§ 2201 and 2202). Compl. at ¶¶ 3-4. Defendant counters that the Court lacks subject matter jurisdiction based

upon the law enforcement detention exception to the FTCA, found at 28 U.S.C. § 2680(c), and the fact that Plaintiff has failed to follow the procedures set forth in the Civil Asset Forfeiture Reform Act of 2002, as amended, 18 U.S.C. § 981 et seq. (CAFRA) and Rule G(4)(b)(5) of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Action, for the return of seized property. Mot. at 1-2.

Defendant asserts that its motion presents a factual attack. Mem. at 5. Although a pre-answer 12(b)(1) motion generally is treated as a facial challenge, *Cardio-Med. Assocs., Ltd. v. Crozer-Chester Med. Ctr.*, 721 F.2d 68, 75 (3d Cir. 1983), a "'factual challenge under Rule 12(b)(1) may be made prior to service of an answer' if the defendant contests the plaintiff's allegations." *Talley v. United States*, Civil No. 11-01180 (RBK/KMW), 2013 U.S. Dist. LEXIS 44465, at *6 (D.N.J. Mar. 28, 2013) (quoting *Knauss v. U.S. Dep't of Just.*, No. 10-2636, 2010 U.S. Dist. LEXIS 108603, at *6 (E.D. Pa. Oct. 7, 2010) (citing *Berardi v. Swanson Mem'l Lodge No. 48 of Fraternal Ord. of Police*, 920 F.2d 198, 200 (3d Cir. 1990))). When a court considers a 12(b)(1) factual challenge, it

> has "substantial authority" to "weigh the evidence and satisfy itself as to the existence of its power to hear the case." *Mortensen v. First Fed. Sav. & Loan Ass'n*, 549 F.2d 884, 891 (3d Cir. 1977). "[N]o presumptive truthfulness attaches to plaintiff's allegations, and the existence of disputed material facts will not preclude the trial court from evaluating for itself the merits of jurisdictional claims." *Id.*

*Kemp v. Select Portfolio Servicing, Inc.*, Civil No. 17-314 (RBK), 2017 U.S. Dist. LEXIS 103904, *4-5 (D.N.J. July 6, 2017). Moreover, in a 12(b)(1) factual challenge, the plaintiff has the burden of establishing jurisdiction. *See, e.g., Gould Elecs., Inc. v. United States*, 220 F.3d 169, 178 (3d Cir. 2000); *Mortensen*, 549 F.2d at 891.

Because Plaintiff bases jurisdiction primarily upon the FTCA, the Court begins its analysis there. It is axiomatic that the

> [d]octrine of sovereign immunity shields the United States from suit where it has not "unequivocally expressed" consent to be sued. *United States v. Bormes*, 568 U.S. 6, 10, 133 S. Ct. 12, 184 L. Ed. 2d 317 (2012). Sovereign immunity goes directly to subject matter jurisdiction. *See Treasurer of N.J. v. U.S. Dep't of Treasury*, 684 F.3d 382, 395 (3d Cir. 2012) ("Without a waiver of sovereign immunity, a court is without subject matter jurisdiction."); *United States v. Mitchell*, 463 U.S. 206, 212, 103 S. Ct. 2961, 77 L. Ed. 2d 580 (1983) ("It is axiomatic that the United States may not be sued without its consent and that the existence of consent is a prerequisite for jurisdiction.").

*Honore v. U.S. Dep't of Agriculture*, Civil Action No. 2016-0055, 2022 U.S. Dist. LEXIS 178710, at *8 (D.V.I. Sept. 30, 2022). The United States has waived immunity in certain circumstances for certain tort claims by way of the Federal Tort Claims Act, codified at 28 U.S.C. §§ 2671 *et. seq.* These claims are exclusively within the jurisdiction of the federal district courts under 28 U.S.C. § 1346(b).[2] As the United States Supreme Court illuminates:

> Section 1346(b) grants the federal district courts jurisdiction over a certain category of claims for which the United States has waived its sovereign immunity and "rendered" itself liable. *Richards* v. *United States*, 369 U.S. 1, 6, 7 L. Ed. 2d 492, 82 S. Ct. 585 (1962). This category includes claims that are:
>
>> "[1] against the United States, [2] for money damages, . . . [3] for injury or loss of property, or personal injury or death [4] caused by the negligent or wrongful act or omission of any employee of the Government [5] while acting within the scope of his office or employment, [6] under circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred." 28 U.S.C. § 1346(b).
>
> A claim comes within this jurisdictional grant -- and thus is "cognizable" under § 1346(b) -- if it is actionable under § 1346(b). And a claim is actionable under § 1346(b) if it alleges the six elements outlined above.

*FDIC v. Meyer*, 510 U.S. 471, 477 (1994) (citation omitted). It is clear from the first element listed that one of the prerequisites to maintaining a claim under the FTCA is naming the United States as a defendant. In fact, courts have dismissed complaints asserting FTCA claims for failing to sue the United States. *See, e.g., Goode v. U.S. Dep't of Homeland Sec.*, 815 F. App'x 643, 646 (3d Cir. 2020) (stating that the district court's rationale of dismissal for failing to sue the United States, "which is the only proper defendant in a case brought under the FTCA," was correct) (citations omitted)); *McCloskey v. Mueller*, 446 F.3d 262, 266 (1st Cir. 2006)

---

[2] Section 1346(b)(1) provides:

> Subject to the provisions of chapter 171 of this title [28 USCS §§ 2671 et seq.], the district courts, together with the United States District Court for the District of the Canal Zone and the District Court of the Virgin Islands, shall have exclusive jurisdiction of civil actions on claims against the United States, for money damages, accruing on and after January 1, 1945, for injury or loss of property, or personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, under circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred.

28 U.S.C. § 1346(b)(1).

("[T]he United States is the only proper defendant in such an action. *See* 28 U.S.C. §§ 1346(b), 2674, 2679; *see also Roman* v. *Townsend*, 224 F.3d 24, 27 (1st Cir. 2000). Consequently, the district court correctly held that no FTCA claim can lie against the FBI, Mueller, or Anderson."); *Hughes v. United States*, 701 F.2d 56, 58 (7th Cir. 1982) ("Under the Federal Tort Claims Act, a governmental agency cannot be sued in its own name; the action must be brought against the United States."); *Montgomery v. Comey*, 300 F. Supp. 3d 158, 171 (D.D.C. 2018) ("[A] plaintiff cannot invoke the FTCA by filing suit against a government agency or a government official in his official capacity. . . . Here, plaintiffs have failed to name the United States as a defendant. Instead, they have sued a government agency—the FBI—and a government official—Comey. . . . Plaintiffs' failure to name the United States as a defendant therefore 'requires dismissal for lack of subject-matter jurisdiction' because plaintiffs have not established a waiver of sovereign immunity under the FTCA." (citations omitted)).

In the matter at bar, Plaintiff brings his action against the Department of Homeland Security only. He fails to name the United States as a defendant. Although Defendant notes the fact that Plaintiff's complaint names only the Department of Homeland Security, *see* Mot. at 1 n.1, it does not cite this fact in support of its motion to dismiss. However, as the *Goode* court observes, the United States does not automatically substitute in for a federal agency. *Goode*, 815 F. App'x at 646. Further, the *Hughes* court notes:

> When a person or entity sued is changed, a substitution, rather than a correction, has occurred. *Simmons v. Fenton*, 480 F.2d 133, 136 (7th Cir. 1973). *See also Stewart v. United States*, 655 F.2d 741, 742 (7th Cir. 1981). Under the Federal Tort Claims Act, a governmental agency cannot be sued in its own name; the action must be brought against the United States. Government agencies do not merge into a monolith; the United States is an altogether different party from either the F.B.I. or the Department of Justice. That the United States Attorney may represent the government does not make the Department of Justice the functional equivalent of the United States.

*Hughes*, 701 F.2d at 58. Because Plaintiff fails to sue the United States, the Court lacks subject matter jurisdiction for any claim asserted under the FTCA. Such an error, however, possibly could be overcome by amendment; thus, the Court considers other bases for dismissal.

Even if Plaintiff had properly named the United States as the defendant, the Court finds that it still lacks subject matter jurisdiction over any claim brought under the FTCA. Plaintiff frames his claim as a Fifth Amendment takings claim. Compl. at ¶¶ 19-22, 24. But,

"it is well settled that the United States has not waived its sovereign immunity for suits seeking damages based on alleged constitutional violations." *Sabina v. Fed. Bureau of Prisons*, C/A No. 0:08-3903-TLW-PJG, 2010 U.S. Dist. LEXIS 22700, at *7 (D.S.C. Feb. 12, 2010) (citing *Lane v. Pena*, 518 U.S. 187, 192 (1996); *FDIC v. Meyer,* 510 U.S. 471, 477-78 (1994)); *see also Goode*, 815 F. App'x at 645 ("As we have held, 'the United States is not liable under the FTCA for money damages for suits arising out of constitutional violations.'" (quoting *Cobden v. Duffy*, 446 F.3d 483, 499 (3d Cir. 2006) (citing *FDIC v. Meyer*, 510 U.S. 471, 477-78 (1994))). The United States Supreme Court explains more fully in *Meyer* after setting forth the six elements necessary to assert a cognizable claim under § 1346(b):

> As noted above, to be actionable under § 1346(b), a claim must allege, *inter alia*, that the United States "would be liable to the claimant" as "a private person" "in accordance with the law of the place where the act or omission occurred." A constitutional tort claim such as Meyer's could not contain such an allegation. Indeed, we have consistently held that § 1346(b)'s reference to the "law of the place" means law of the State -- the source of substantive liability under the FTCA. See, *e.g., Miree* v. *DeKalb County*, 433 U.S. 25, 29, n.4, 53 L. Ed. 2d 557, 97 S. Ct. 2490 (1977); *United States* v. *Muniz*, 374 U.S. 150, 153, 10 L. Ed. 2d 805, 83 S. Ct. 1850 (1963); *Richards, supra*, at 6-7, 11; *Rayonier Inc.* v. *United States*, 352 U.S. 315, 318, 1 L. Ed. 2d 354, 77 S. Ct. 374 (1957). By definition, federal law, not state law, provides the source of liability for a claim alleging the deprivation of a federal constitutional right. To use the terminology of *Richards*, the United States simply has not rendered itself liable under § 1346(b) for constitutional tort claims. Thus, because Meyer's constitutional tort claim is not cognizable under § 1346(b), the FTCA does not constitute his "exclusive" remedy.

*FDIC v. Meyer*, 510 U.S. 471, 477-78 (1994).

Further, as maintained by Defendant, "Plaintiff's claim against the United States falls within the exception to the FTCA waiver of sovereign immunity described in section 2680(c) . . . ." ECF No. 15 at 6. Under the statute, the waiver of immunity provided by the FTCA does not apply to:

> Any claim arising in respect of the assessment or collection of any tax or customs duty, or the detention of any goods, merchandise, or other property by any officer of customs or excise or any other law enforcement officer, except that the provisions of this chapter [28 USCS §§ 2671 et seq.] and section 1346(b) of this title [28 USCS § 1346(b)] apply to any claim based on injury or loss of goods, merchandise, or other property, while in the possession of any officer of customs or excise or any other law enforcement officer, if—

> **(1)** the property was seized for the purpose of forfeiture under any provision of Federal law providing for the forfeiture of property other than as a sentence imposed upon conviction of a criminal offense;
>
> **(2)** the interest of the claimant was not forfeited;
>
> **(3)** the interest of the claimant was not remitted or mitigated (if the property was subject to forfeiture); and
>
> **(4)** the claimant was not convicted of a crime for which the interest of the claimant in the property was subject to forfeiture under a Federal criminal forfeiture law.

28 U.S.C. § 2680(c). In his improperly filed opposition to the motion, Defendant claims that Section 2680(c) is inapplicable to the facts presented in this matter. ECF No. 16 at 3, ¶ 12. However, the section specifically excepts claims arising from the "detention of any goods . . . by any officer of customs . . . or any other law enforcement officer . . . if . . . the property was seized for purpose of forfeiture . . . ." *Id*. As declared by Agent Rincon, "CAMB agents detained the aircraft and assisted the Drug Enforcement Administration (DEA) in processing the seizure of Robinson's aircraft as part of an ongoing DEA investigation." Declaration at ¶ 6. The DEA notified Plaintiff of the seizure of the aircraft, as shown by the documents filed by Plaintiff at ECF No. 13-1 and 13-2. The Court finds that Section 2689(c) applies and deprives the Court of subject matter jurisdiction over Plaintiff's claim.

Defendant asserts that immunity also protects CBP under 28 U.S.C. § 2680(h).[3] *See* Mem. at 7-8. The Court agrees, but not for the reasons stated by Defendant. Subsection h

---

[3] Section 2680(h) provides:

> The provisions of this chapter [28 USCS §§ 2671 et seq.] and section 1346(b) of this title [28 USCS § 1346(b)] shall not apply to—
>
> \*   \*   \*
>
> (h) Any claim arising out of assault, battery, false imprisonment, false arrest, malicious prosecution, abuse of process, libel, slander, misrepresentation, deceit, or interference with contract rights: *Provided,* That, with regard to acts or omissions of investigative or law enforcement officers of the United States Government, the provisions of this chapter [28 USCS §§ 2671 et seq.] and section 1346(b) of this title [28 USCS § 1346(b)] shall apply to any claim arising, on or after the date of the enactment of this proviso [enacted March 16, 1974], out of assault, battery, false imprisonment, false arrest, abuse of process, or malicious prosecution. For the purpose of this subsection, "investigative or law enforcement officer" means any officer of the United States who is empowered by law to execute searches, to seize evidence, or to make arrests for violations of Federal law.

28 U.S.C. § 2680(h).

specifically carves out the intentional torts of "investigative or law enforcement officers of the United States Government," 28 U.S.C. § 2680(h), meaning that the FTCA applies to the intentional torts of "assault, battery, false imprisonment, false arrest, abuse of process, or malicious prosecution," of those law enforcement officers. This exception to the exception puts it in direct tension with the provisions of 28 U.S.C. 2680(c). The Fifth Circuit Court of Appeals thoughtfully considered this issue in *Angulo v. Brown*, 978 F.3d 942 (5th Cir. 2020). The *Angulo* court held that, where the enumerated intentional torts of law enforcement officers of the United States Government arise out of the detention or seizure of property as described subsection c, the immunity recognized in subsection c covers and extends to such intentional torts. In support of its decision, the court expounds:

> The FTCA waives sovereign immunity for claims "for injury or loss of property, or personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment." 28 U.S.C. § 1346(b)(1). However, under the customs-duty exception, that waiver does not apply to "[a]ny claim arising in respect of the assessment or collection of any tax or customs duty, or the detention of any goods, merchandise, or other property by any officer of customs or excise." 28 U.S.C. § 2680(c).
>
> The Supreme Court has interpreted the exception broadly, explaining that "'any claim arising in respect of' the detention of goods means any claim 'arising out of' the detention of goods." *Kosak v. United States*, 465 U.S. 848, 854, 104 S. Ct. 1519, 79 L. Ed. 2d 860 (1984). This court has held that this includes intentional tort claims that arise out of "the inspection, seizure, or detention of goods by a Customs agent." *Jeanmarie*, 242 F.3d at 604. In interpreting § 2680, we are cognizant that "[s]tatutes waiving sovereign immunity of the United States are to be 'construed strictly in favor of the sovereign.'" *Id.*; *see also United States v. Nordic Vill., Inc.*, 503 U.S. 30, 34, 112 S. Ct. 1011, 117 L. Ed. 2d 181 ("[T]he Government's consent to be sued must be construed strictly in favor of the sovereign."(cleaned up)).
>
> Angulo notes that § 2680(h) preserves the Government's sovereign immunity for claims involving "assault, battery, false imprisonment, false arrest," and other intentional torts, *except* when such torts are committed by "investigative or law enforcement officers of the United States Government." He argues that applying § 2680(c) to intentional torts by CBP officers eviscerates the "exception to the exception" in § 2680(h). When presented with this argument in the past, we have agreed with our colleagues in the Ninth Circuit that "§§ 2680(c) and 2680(h) must be interpreted in a manner that reconciles them, without doing violence to either." *Gasho v. United States*, 39 F.3d 1420, 1433 (9th Cir. 1994). As this court explained in *Jeanmarie*, "[w]e

>   agree with the Ninth Circuit that '[w]hen strictly construed in light of § 2680(c), the waiver of immunity in § 2680(h) applies only to tortious conduct not involving the seizure and detention of goods by Customs.'" 242 F.3d at 604-05 (quoting *Gasho*, 39 F.3d at 1433-34); *see also Davila*, 713 F.3d at 256 ("[E]ven intentional torts committed by law enforcement officers are exempt from FTCA suits when such torts were committed during circumstances that would warrant a detention-of-goods exception.").

*Angulo,* 978 F.3d at 952-53. The Court finds this reasoning persuasive and adopts it, here. Thus, even if the actions of CBP and/or DEA as alleged by Plaintiff could be found to have been intentional and otherwise excepted from FTCA immunity under 28 U.S.C. § 2680(h), because they arose out of the inspection, detention, and/or seizure of Plaintiff's aircraft, such alleged torts are protected by 28 U.S.C. § 2680(c).

The Court now turns to the alternative basis of jurisdiction cited by Plaintiff. It is well established that the Declaratory Judgments Act does not confer federal jurisdiction by itself. *See, e.g., Cutaiar v. Marshall*, 590 F.2d 523, 527 (3d Cir. 1979) ("Title 28 U.S.C. § 2201 allows a federal court to grant a declaratory judgment in 'a case of actual controversy.' The statute creates a remedy only; it does not create a basis of jurisdiction, and does not authorize the rendering of advisory opinions."); *Cody v. Allstate Fire & Cas. Ins. Co.*, Civil Action No. 3:19-cv-1935-K, 2021 U.S. Dist. LEXIS 20406, at *30-31 (N.D. Tex. Feb. 3, 2021), *aff'd*, 2021 U.S. App. LEXIS 34557 (5th Cir. Nov. 19, 2021), ("The Declaratory Judgment Act does not create a substantive cause of action as it is only procedural."); *Post Performance, LLC v. Renaissance Imports, Inc.*, 333 F. Supp. 2d 834, 837-38 (E.D. Mo. 2004) ("[T]he Declaratory Judgment Act provides that, 'in a case of actual controversy within its jurisdiction . . . , any court of the United States, upon the filing of an appropriate pleading, may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought.' 28 U.S.C. § 2201(a). 'In addition, . . . for a federal court to have jurisdiction over an actual controversy, a federal question arising under the Constitution, laws or treaties of the United States must be involved, 28 U.S.C. § 1331, since it is well-settled that the Declaratory Judgment Act does not expand the jurisdiction of the federal courts.'" (quoting *Starter Corp. v. Converse, Inc.*, 84 F.3d 592, 594 (2d Cir. 1996) (per curiam) (internal quotations omitted)) (other citation omitted))); *Crown Cork & Seal Co. v. Pennsylvania Human Relations Comm'n*, 463 F. Supp. 120, 124 (W.D. Pa. 1979) ("The Declaratory Judgment Act

allows one who would otherwise be a defendant to obtain a determination of his rights before anyone has instituted an action against him. . . . The Declaratory Judgment Act is only a procedural device and does not expand the jurisdiction of the federal courts." (citations omitted)); *Ottley v. De Jongh*, 149 F. Supp. 75, 77 (D.V.I. 1957) ("It must be remembered that the Declaratory Judgments Act is a procedural statute. It did not enlarge the jurisdiction of courts of the United States to which it was made applicable."). Thus, to determine the existence of subject matter jurisdiction under the Declaratory Judgment Act, the Court looks to whether an "actual controversy, a federal question arising under the Constitution, laws or treaties of the United States [is] involved." *Post Performance*, 333 F. Supp. 2d at 838.

The Court addresses whether an actual controversy exists in the following section regarding dismissal for failing to state a claim upon which relief can be granted. *See, e.g., Cody*, 2021 U.S. Dist. LEXIS 20406, at *30 ("It is the underlying cause of action that is actually litigated in a declaratory judgment claim. . . . To be entitled to relief under the Declaratory Judgment Act, the plaintiff must allege sufficient facts that there exists 'a substantial and continuing controversy between the two adverse parties.'" (citations omitted)).

### B. Failure to state a claim

In the event Plaintiff could establish subject-matter jurisdiction, the Court considers whether Plaintiff has alleged sufficient facts to allege a plausible claim for relief. Defendant argues that he has not done so because the aircraft was seized properly under the police power of the government and because the proper procedure to recover seized property is through the administrative procedure set forth in Civil Asset Forfeiture Reform Act of 2000 ("CAFRA"), as amended, codified at 18 U.S.C. § 983.

First, the plain language of the Fifth Amendment clearly prohibits the taking of "private property . . . for *public use*." U.S. CONST., amend. V (emphasis added). This clause has been interpreted to mean that no Fifth Amendment takings is cognizable when property is seized pursuant to the proper exercise of a government's police power. *See, e.g., McKenna v. Portman*, 538 F. App'x 221, 224 (3d Cir. 2013) (in affirming the district court's dismissal of the plaintiffs' Fifth Amendment claim, the court declares, "[O]utside the context of eminent domain, the government is 'not . . . required to compensate an owner for property which it has already lawfully acquired under the exercise of governmental authority.'"

(quoting *Bennis v. Michigan*, 516 U.S. 442, 452, 116 S. Ct. 994, 134 L. Ed. 2d 68 (1996) and (collecting cases)); *Burkett v. Sheaffer*, Civil Action No. 1:18-cv-02058, 2020 U.S. Dist. LEXIS 157570, at *13 (M.D. Pa. Aug. 28, 2020) (where the court, granting summary judgment against the plaintiff's Fifth Amendment claim for the seizure of his vehicle after his arrest for driving under the influence, states, "[L]awful police actions, such as those presented here, do not constitute a taking under the Fifth Amendment because 'items properly seized by the government under its police power are not seized for "public use" within the meaning of the Fifth Amendment.'" (quoting *Acadia Tech., Inc. v. United States*, 458 F.3d 1327, 1332 (Fed. Cir. 2006)); *Jenkins v. United States*, F. Supp. 3d 978, 982 (D.N.D. 2021) ("If the government takes private property under the government's police power, the property is not taken for 'public use' within the meaning of the Fifth Amendment." (citing *AmeriSource Corp. v. United States*, 525 F.3d 1149, 1153 (Fed. Cir. 2008); *United States v. Romero*, No. 1:12-CR224, 2013 U.S. Dist. LEXIS 22911, 2013 WL 625338, at *5 (D.N.D. Feb. 20, 2013)); *AmeriSource Corp. v. United States*, 525 F.3d 1149, 1153 (Fed. Cir. 2008) ("Property seized and retained pursuant to the police power is not taken for a "public use" in the context of the Takings Clause."). In sum, the Court finds that Plaintiff's Fifth Amendment takings claim must fail because the DEA seized Plaintiff's aircraft pursuant to its police power.

Second, as numerous courts have held, the "taking" of property as an exercise of a government's police power is an issue of due process. *See, e.g., Hart v. Gordon*, 591 Fed. App'x 125, 129 (3d Cir. 2014) ("[N]o viable Takings Clause claim occurs when property has been seized pursuant to a lawful search warrant. Instead, the limits on the police power within this context come from the Due Process Clause, a claim that is not raised here." (citing *AmeriSource Corp. v. United States*, 525 F.3d 1149, 1154 (Fed. Cir. 2008) (footnotes omitted)); *AmeriSource*, 525 F.3d at 1154 ("As expansive as the police power may be, it is not without limit. The limits, however, are largely imposed by the Due Process Clause."). Here, Plaintiff has not articulated a Fourteenth Amendment due process claim in his complaint. In addition, any such claim would be unsupported because the United States has instituted administrative procedures for the type of seizure at issue here by enacting the Civil Asset Forfeiture Reform act of 2000 ("CAFRA"), as amended, codified at 18 U.S.C. § 983. Plaintiff acknowledges that he received a notice of the seizure and the initiation of civil forfeiture

proceedings as required by Section 983(a). *See* ECF No. 13-1. Consequently, any claim of Plaintiff to the seized property must be adjudicated according to the provisions of the statute. Plaintiff states in his improperly filed opposition to the motion to dismiss that he "has timely replied to the DEA's belated 'seizure papers' . . . . ECF No. 16 at 3, ¶ 15. As the record shows, Plaintiff filed a petition for remission or mitigation in response to the notice of seizure. *See* ECF Nos. 13-3, 13-4, 13-5. According to the regulations governing the administrative procedure for such seizures:

> Upon receipt of a petition, the seizing agency shall investigate the merits of the petition and may prepare a written report containing the results of that investigation. This report shall be submitted to the ruling official for review and consideration. . . .
>
> Upon receipt of the petition and the agency report, the ruling official for the seizing agency shall review the petition and the report, if any, and shall rule on the merits of the petition. No hearing shall be held. . . .
>
> If the ruling official denies a petition, a copy of the decision shall be mailed to the petitioner or, if represented by an attorney, to the petitioner's attorney of record. A copy of the decision shall also be sent to the USMS or other property custodian. The decision shall specify the reason that the petition was denied. The decision shall advise the petitioner that a request for reconsideration of the denial of the petition may be submitted to the ruling official in accordance with paragraph (j) of this section

28 CFR 9.3(f)-(g), (i). Plaintiff does not allege that he has received a denial of his petition or, if he has, whether he has requested reconsideration of the ruling. Thus, given the facts and evidence before it, the Court finds that the administrative process has not yet concluded. Therefore, without more and even treating Plaintiff's allegations of the complaint as true and drawing all reasonable inferences in favor of Plaintiff, the Court finds that Plaintiff has not plausibly alleged a claim for violation of due process.

Based upon the finding that Plaintiff fails to state a claim, the Court further finds that no "case or controversy" exists to confer subject matter jurisdiction pursuant to the Declaratory Judgment Act.

*Robinson v. Dep't of Homeland Sec.*
Case No. 3:22-cv-0021
Memorandum Opinion
Page 16 of 16

## IV. CONCLUSION

Because the Court finds that it lacks subject matter jurisdiction and that Plaintiff has failed to state a claim upon which relief can be granted, the Court will grant Defendant's motion to dismiss the complaint. An appropriate Order follows.

**Dated:** April 20, 2023                           /s/ *Robert A. Molloy*
                                                                    **ROBERT A. MOLLOY**
                                                                    **Chief Judge**