DISTRICT COURT OF THE VIRGIN ISLANDS
DIVISION OF ST. THOMAS AND ST. JOHN

| | |
|---|---|
| RUSSELL ROBINSON, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 3:22-cv-0021 |
| ) | |
| DEPARTMENT OF HOMELAND SECURITY, ) | |
| CUSTOMS AND BORDER PROTECTON, ) | |
| ) | |
| Defendant. ) | |
| ) | |

**APPEARANCES:**

**RUSSELL ROBINSON,** *PRO SE*
ST. THOMAS, U.S. VIRGIN ISLANDS
 *PLAINTIFF*,

**KIMBERLY L. COLE, ESQ.**
ASSISTANT UNITED STATES ATTORNEY
ST. THOMAS, VI
 FOR DEFENDANT

## MEMORANDUM OPINION

**MOLLOY, Chief Judge**

  **BEFORE THE COURT** is Plaintiff's "Federal Rule of Civil Procedure,[sic] 59 (e) Motion" (Mot.) (ECF No. 30).[1] The time for filing a response has expired. This matter is ripe for adjudication. For the reasons stated below, the Court will deny Plaintiff's motion.

### I. FACTUAL AND PROCEDURAL BACKGROUND

  Plaintiff filed his *pro se* Complaint on April 6, 2022. *See* ECF No. 1. In his pleading, Plaintiff alleges that he owns an aircraft "parked at the Cyril E. King Airport, located in St. Thomas, VI, under signed [sic] parking contract with the Virgin Islands Port Authority ("VIPA")." Complaint (Compl.) (ECF No. 1) at ¶ 5. He also alleges that he had a "legally issued" VIPA Security Identification Display Area (SIDA) badge, which was "due to expire on March

---

[1] What appears to be an identical motion, except for the date appearing just above the signature line on the final page, is docketed at ECF No. 29. The Court will terminate that motion as duplicative. All references to Plaintiff's said motion herein are to the document docketed at ECF No. 30.

25, 2022." Compl. at ¶ 10. Plaintiff's claim(s) in this proceeding centers around this aircraft and SIDA badge/ramp access.[2] In lieu of an answer, Defendant filed a motion to dismiss for lack of subject matter jurisdiction and/or failure to state a claim. *See* ECF No. 14. The Court granted the motion by Order (ECF No. 28), entered April 20, 2022, and dismissed Plaintiff's Complaint. Plaintiff's current motion seeks to "alter or amend" said dismissal.

## II. LEGAL STANDARD

Rule 59 of the Federal Rules of Civil Procedure allows an aggrieved party to file "a motion to alter or amend a judgment." Fed. R. Civ. P. 59(e). The purpose of such a motion is "'to correct manifest errors of law or fact or to present newly discovered evidence.'" *Max's Seafood Café v. Quinteros*, 176 F.3d 669, 677 (3d Cir. 1999) (quoting *Harsco Corp. v. Zlotnicki*, 779 F.2d 906, 909 (3d Cir. 1985)). Often referred to as a motion for reconsideration, the Third Circuit has held that "'a proper Rule 59(e) motion therefore must rely on one of three grounds: (1) an intervening change in controlling law; (2) the availability of new evidence; or (3) the need to correct clear error of law or prevent manifest injustice.'" *Lazaridis v. Wehmer*, 591 F. 3d 666, 669 (3d Cir. 2010) (quoting *North River Ins. Co. v. CIGNA Reinsurance Co.*, 52 F. 3d 1194, 1218 (3d Cir. 1995)), *quoted in Soly v. Warlick*, Civil No. 1991-0212; Civil No. 1995-0084, 2014 U.S. Dist. LEXIS 43971, at *15-16 (D.V.I. Mar. 31, 2014).

The first rationale a court may employ to reconsider an order or decision, an intervening change in controlling law, is self-explanatory and not asserted as grounds for the motion, here.

The second basis as stated by the Third Circuit, the availability of new evidence, has been interpreted to mean newly discovered evidence or evidence that was unavailable at the time the initial order or decision was rendered. *See, e.g., Blystone v. Horn*, 664 F.3d 397, 415-16 (3d Cir. 2011) ("'We have made clear that "new evidence," for reconsideration purposes, does not refer to evidence that a party . . . submits to the court after an adverse ruling. Rather, new evidence in this context means evidence that a party could not earlier submit to the court because that evidence was not previously available.' [*Howard Hess Dental Labs., Inc. v. Dentsply Int'l Inc.*, 602 F.3d 237, 252 (3d Cir. 2010)]. Evidence that is not newly

---

[2] The alleged facts underlying Plaintiff's claim are recited in the Court's Memorandum Opinion dated April 20, 2023, (ECF No. 27) and, because the Court writes for the parties, they will not be reiterated, here.

discovered, as so defined, cannot provide the basis for a successful motion for reconsideration." (citing *Harsco Corp. v. Zlotnicki*, 779 F.2d 906, 909 (3d Cir. 1985))); *Solid Rock Baptist Church v. Murphy*, 555 F. Supp. 3d 53, 60 (D.N.J. 2021) (describing the availability of new evidence grounds for granting reconsideration as "evidence not available when the Court issued the subject order has become available") (citing *Max's Seafood Cafe by Lou-Ann, Inc. v. Quinteros*, 176 F.3d 669, 677 (3d Cir. 1999) (citing *North River Ins. Co. v. CIGNA Reinsurance Co.*, 52 F.3d 1194, 1218 (3d Cir. 1995)) (other citation omitted))); *Interfaith Cmty. Org., Inc. v. PPG Indus., Inc.*, 702 F. Supp. 2d 295, 317-18 (D.N.J. 2010) ("[T]he moving party has the burden of demonstrating the evidence was unavailable or unknown at the time of the original hearing." (citing *Desantis v. Alder Shipping Co.,* No. 06-1807 (NLH), 2009 U.S. Dist. LEXIS 13535, at *3 (D.N.J. Feb 20, 2009) (citing *Levinson v. Regal Ware, Inc.,* No. 89-1298, 1989 U.S. Dist. LEXIS 18373, 1989 WL 205724, at *3 (D.N.J. Dec. 1, 1989))). Nothing in the motion indicates that Plaintiff bases it upon the availability of new evidence.

Plaintiff charges that the "Court has committed legal error of the first magnitude." Mot. at 1, ¶ 2. Regarding this third ground for reconsideration, the Court has observed:

> [U]nder the established law, clear error exists if, "'after reviewing the evidence,' [the reviewing court is] 'left with a definite and firm conviction that a mistake has been committed.'" *Norristown Area Sch. Dist. v. F.C.*, 636 F. App'x 857, 861 n.8 (3d Cir. 2016) (quoting *Oberti v. Bd. of Educ.*, 995 F.2d 1204, 1220 (3d Cir. 1993)). In the context of a motion to reconsider, manifest injustice "[g]enerally [ ] means that the Court overlooked some dispositive factual or legal matter that was presented to it." *Greene v. Virgin Islands Water & Power Auth.*, 2012 U.S. Dist. LEXIS 144382, 2012 WL 4755061, at *2 (D.V.I. Oct. 5, 2012) (quoting *In re Rose*, 2007 U.S. Dist. LEXIS 64622, at *3 (D.N.J. Aug. 30, 2007)). "Manifest injustice has also been defined as an 'error in the trial court that is direct, obvious, and observable.'" *Id.* (quoting *Tenn. Prot. & Advocacy, Inc. v. Wells*, 371 F.3d 342, 348 (6th Cir. 2004)).

*Simon v. Mullgrav*, Civil Action No. 2017-0007, 2021 U.S. Dist. LEXIS 165926, at *6 (D.V.I. Sept. 1, 2021); *see also, e.g., Plaskett v. Cruz*, Case No. 3:17-cv-0067, 2021 U.S. Dist. LEXIS 178563, at *2 (D.V.I. Sept. 20, 2021).

Further, it is settled law in this jurisdiction that motions for reconsideration "are not substitutes for appeals, and are not to be used as 'a vehicle for registering disagreement with the court's initial decision, for rearguing matters already addressed by the court, or for raising arguments that could have been raised before but were not.'" *United States v.*

*Matthias*, Case No. 3:19-cr-0069, 2022 U.S. Dist. LEXIS 106707, at *7 (D.V.I. June 15, 2022) (quoting *Cabrita Point Dev., Inc. v. Evans*, 52 V.I. 968, 975 (D.V.I. 2009) (quoting *Bostic v. AT&T of the V.I.*, 312 F. Supp. 2d 731, 733, 45 V.I. 553 (D.V.I. 2004))); *see also, e.g., Blystone*, 664 F.3d at 415 ("The scope of a motion for reconsideration, we have held, is extremely limited. Such motions are not to be used as an opportunity to relitigate the case . . . ." (citing *Howard Hess Dental Labs., Inc. v. Dentsply Int'l Inc.*, 602 F.3d 237, 251 (3d Cir. 2010))).

The *Matthias* court also instructs that, "because reconsideration 'is an extraordinary remedy,' it should only be granted sparingly." *Matthias*, 2022 U.S. Dist. LEXIS 106707, at *7 (citing *Boldrini v. Wilson*, No. 3:CV-11-1771, 2013 U.S. Dist. LEXIS 22249, at *4-5 (M.D. Pa. Feb. 19, 2013)).

### III. DISCUSSION

As with all *pro se* filings, the Court liberally construes Plaintiff's motion. S*ee, e.g., Morisseau v. Borough of N. Arlington*, Civil action No. 16-8367, 2018 U.S. Dist. LEXIS 51701, at *32 (D.N.J. Mar. 28, 2018) ("Courts liberally construe documents filed by pro se plaintiffs, and hold the filings to less stringent standards than those drafted by attorneys." (citing *Erickson v. Pardus*, 551 U.S. 89 (2007))). The Court understands Plaintiff to assign error because the Court did not grant Plaintiff leave to amend his complaint to name the United States as a defendant, Mot. at 2-3, ¶¶ 7 and 10, the Court dismissed his claim under the Federal Tort Claims Act, Mot. at 1 and 3, ¶¶ 3 and 7, and ostensibly failed to address what Plaintiff asserts is a claim for civil conspiracy (RICO), Mot. at 1, ¶ 4.

The principles requiring generous construction of *pro se* complaints are not without limits, however. Courts are not required "to conjure up questions never squarely presented to them." *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985). Moreover, "a pro se plaintiff 'must still plead the essential elements of his claim and is not excused from conforming to the standard rules of civil procedure.'" *Nayak v. Voith Turbo, Inc.*, No. 1:14-cv-01053, 2015 U.S. Dist. LEXIS 46469, at *10-12 (M.D. Pa. Apr. 9, 2015) (quoting *Smith v. Social Security Administration*, 54 F. Supp. 2d 451, 454 (E.D. Pa.1999) (citation omitted) (also citing *McNeil v. United States*, 508 U.S. 106, 113 (1993) ("[W]e have never suggested that procedural rules in ordinary civil litigation should be interpreted so as to excuse mistakes by those who proceed without counsel."))); *Sykes v. Blockbuster Video*, 205 F. App'x 961, 963

(3d Cir. 2006) (opining that *pro se* litigants, filing in federal court, are expected to comply with the Federal Rules of Civil Procedure). In addition, the "Court need not . . . credit a pro se plaintiff's 'bald assertions' or 'legal conclusions.'" *Purpura v. JPMorgan Chase*, Civil Action No. 16-3765, 2017 U.S. Dist. LEXIS 43946, at *8 (D.N.J. Mar. 24, 2017) (quoting *D'Agostino v. CECOM RDEC*, Civ. Action No. 10-4558(FLW), 2010 U.S. Dist. LEXIS 95666, at *1 (D.N.J. Sept. 13, 2010) (internal quotation marks omitted))).

In its Memorandum Opinion (Mem. Op.) (ECF No. 27) accompanying the order at issue, the Court determined that Plaintiff was primarily alleging a violation of the takings clause of the Fifth Amendment. Mem. Op. at 8.[3] Nothing in Plaintiff's motion to reconsider appears to dispute the Court's findings regarding Plaintiff's failure to state a plausible Fifth Amendment takings claim.

Although the Complaint also identifies the Federal Tort Claims Act (FTCA), 28 U.S.C. § 1346, as the basis for Plaintiff's claim, Compl. at 1, all the allegations in the complaint are asserted in support of Plaintiff's Fifth Amendment takings claim. *See, e.g.,* Compl. at 3-4, ¶ 16 (where Plaintiff alleges certain conduct by Augusto Reyes, U.S. Customs Border and Protection, then summarizes, "[a]ll effected to . . . violate the takings clause of the Federal Constitution").

Plaintiff's purported civil conspiracy/RICO claim is not plainly evident from the allegations of the complaint. For example, Plaintiff hints at the claim in paragraph numbered 15, where he makes the conclusory statement, "[w]hich was exertion of a coercive civil conspiracy . . .." But his attempt to assert the claim in the allegation contained in Count I of the Complaint, at paragraph numbered 25, which begins "The Coercive Civil RICO,[sic] conspiracy . . .", ends up as another allegation going toward his Fifth Amendment takings claim: "mechanism to take Robinson's private property without any just compensation, constitutes a per se taking of private property."

Hence, the Court finds that it did not "overlook[] some dispositive factual or legal matter that was presented to it." *Greene v. V.I. Water & Power Auth.*, 1:06-cv-11, 2012 U.S. Dist. LEXIS 144382, at *6 (D.V.I. Oct. 5, 2012) (quoting *In re Rose*, 2007 U.S. Dist. LEXIS 64622,

---

[3] The Complaint contains only one count, Count I, which specifically sets forth a Fifth Amendment takings claim. *See* Complaint (Compl.) (ECF No. 1) at 4-5.

at *3 (D.N.J. Aug. 30, 2007)). Indeed, the Court specifically found that, even if Plaintiff had properly named the United States as a defendant, the Court lacked subject matter jurisdiction over any FTCA claim because the United States is not liable under the FTCA for any alleged constitutional violations or for property seized by customs or law enforcement for the purpose of forfeiture. *See* Mem. Op. at 8-12.

Additionally, assuming *arguendo* that Plaintiff could overcome both of those hurdles, Plaintiff fails to plead enough essential elements to maintain a claim under the FTCA.

> Federal courts have jurisdiction over these tort claims if a plaintiff plausibly alleges the following six (6) elements of 28 U.S.C. § 1346(b):

> """[1] [a claim] against the United States, [2] for money damages, . . . [3] for injury or loss of property, or personal injury or death [*6] [4] caused by the negligent or wrongful act or omission of any employee of the Government [5] while acting within the scope of his office or employment, [6] under circumstances where the United States, if a private person, would be liable to the claimant in accordance with the <u>law of the place where the act or omission occurred</u>."""

*Gayle v. United States*, No. 1:23-00861, 2023 U.S. Dist. LEXIS 119223, at *5-6 (M.D. Pa. July, 11, 2023) (quoting *Brownback v. King*, 141 S. Ct. 740, 746 (2021) (emphasis and some alterations added by the *Gayle* court) (quoting *FDIC v. Meyer*, 510 U.S. 471, 477 (1994)) (quoting 28 U.S.C. § 1346(b))).

It is well established that "the FTCA '"does not itself create a substantive cause of action against the United States; rather, it provides a mechanism for bringing a state law tort action against the federal government in federal court."'" *Gayle*, 2023 U.S. Dist. LEXIS 119223, at *6 (quoting *Lomando v. United States*, 667 F.3d 363, 372 (3d Cir. 2011) (quoting *In re Orthopedic Bone Screw Prod. Liab. Litig.*, 264 F.3d 344, 362 (3d Cir. 2001))). S*ee also CNA v. United States*, 535 F.3d 132, 141 (3d Cir. 2008) (explaining that "[t]he cause of action in an FTCA claim . . . must come from state tort law"). Like *Gayle*, here, "Plaintiff's complaint does not identify the state law tort action that it seeks to assert against the United States or the grounds upon which it seeks to assert such a cause of action. As a result, Plaintiff's complaint fails to establish all six (6) elements of 28 U.S.C. § 1346(b)." *Gayle*, 2023 U.S. Dist. LEXIS 119223, at *6-7 (where the court dismissed the complaint for failure to state a claim and for lack of subject matter jurisdiction, citing *Brownback v. King*, 141 S. Ct. 740, 749 (2021) (explaining as follows: "a plaintiff must plausibly allege all six FTCA elements not only to

state a claim upon which relief can be granted but also for a court to have subject-matter jurisdiction over the claim[,]" and, thus, "[t]hat means a plaintiff must plausibly allege that 'the United States, if a private person, would be liable to the claimant' under state law both to survive a merits determination under Rule 12(b)(6) and to establish subject-matter jurisdiction" (quoting 28 U.S.C. § 1346(b)(1))).

Regarding Plaintiff's other purported claim, Plaintiff also fails to allege essential elements to establish a plausible civil RICO cause of action.

> A claim alleging a pattern of racketeering under Civil RICO, 18 U.S.C. § 1962(c), requires proof of four elements: (1) the existence of an enterprise engaged in or affecting interstate commerce; (2) that the defendant was employed by or associated with the enterprise; (3) that the defendant participated, directly or indirectly, in the conduct or the affairs of the enterprise; and (4) that the defendant participated through a pattern of racketeering activity that must include the allegation of at least two racketeering acts.

*Munsif v. Cassel*, 331 F. App'x 954, 958 (3d Cir. 2009) (citing *Annulli v. Panikkar,* 200 F. 3d 189, 198 (3d Cir. 1999)). Even if the Court provides Plaintiff the benefit of the doubt that he did or could plausibly allege the existence of an enterprise, nothing in the allegations contained in his complaint provides a basis for or can be construed as alleging the fourth element, namely a "pattern of racketeering activity." As the *Munsif* court explains, "To plead a pattern of racketeering activity, a plaintiff must aver, among other things, that each defendant committed at least two acts of prohibited racketeering activity, and that the predicate acts *amount to or pose a threat of continued criminal activity*." *Munsif*, 331 F. App'x at 958 (citing *H.J. Inc. v. Northwestern Bell Telephone Co.,* 492 U.S. 229, 240 (1989)) (emphasis added).[4] In the absence of any showing of this essential element of the claim, Plaintiff's purported claim for civil RICO must fail.

---

[4] The Third Circuit elucidates in *Germinaro v. Fidelity Nat'l Title Ins. Co*., 737 F. App'x 96 (3d Cir. 2018):

> The requirement that the predicate acts "amount to or pose a threat of continued criminal activity" is commonly known as the "continuity" requirement. *Id.* Continuity comes in two forms: closed-ended and open-ended. *Id.* Closed-ended continuity refers "to a closed period of repeated conduct," and it "can be established by 'proving a series of related predicates extending over a substantial period of time.'" *Id.* (quoting *H.J., Inc.*, 492 U.S. at 241-42). Open-ended continuity, on the other hand, refers "to past conduct that by its nature projects into the future with a threat of repetition," *id.*, and it can "be established by proving a threat of continuity, which exists where the predicate acts themselves involve threats of long-term racketeering activity, or where the predicate acts are part of an entity's regular way of doing business."

Based upon a review of Plaintiff's Complaint and the Court's Mem. Op. and Order, the Court is not persuaded that reconsideration is warranted. The Court is not left with a "'definite and firm conviction that a mistake was committed.'" *Norristown Area Sch. Dist. v. F.C.*, 636 F. App'x 857, 861 n.8 (3d Cir. 2016) (quoting *Oberti v. Bd. of Educ.*, 995 F.2d 1204, 1220 (3d Cir. 1993)). As noted herein, "a pro se plaintiff 'must still plead the essential elements of his claim and is not excused from conforming to the standard rules of civil procedure.'" *Nayak v. Voith Turbo, Inc.*, No. 1:14-cv-01053, 2015 U.S. Dist. LEXIS 46469, at *10-12 (M.D. Pa. Apr. 9, 2015) (quoting *Smith v. Social Security Administration*, 54 F. Supp. 2d 451, 454 (E.D. Pa.1999) (citation omitted)). The complaint lacks allegations that establish or support essential elements of Plaintiff's claims.

In addition, the "Court need not . . . credit a pro se plaintiff's 'bald assertions' or 'legal conclusions.'" *Purpura v. JPMorgan Chase*, Civil Action No. 16-3765, 2017 U.S. Dist. LEXIS 43946, at *8 (D.N.J. Mar. 24, 2017) (quoting *D'Agostino v. CECOM RDEC*, Civ. Action No. 10-4558(FLW), 2010 U.S. Dist. LEXIS 95666, at *1 (D.N.J. Sept. 13, 2010) (internal quotation marks omitted)). Most of the allegations are exactly that, bald assertions or legal conclusions. The Court is not obligated to consider such allegations when deciding a motion to dismiss. Here, Plaintiff's FTCA claim did not withstand dismissal and, even if Plaintiff had made it plain that he was attempting to assert a civil RICO claim, it would not have withstood dismissal under a Fed. R. Civ. P. Rule 12(b) analysis. The Court finds that it did not commit error, much less error that is "'direct, obvious, and observable.'" *Greene,* 2012 U.S. Dist. LEXIS 144382, at *6 (D.V.I. Oct. 5, 2012) (quoting *Tenn. Prot. & Advocacy, Inc. v. Wells*, 371 F.3d 342, 348 (6th Cir. 2004)).

Finally, allowing an amendment to a complaint subject to a 12(b) dismissal is mandated only if the amendment would not be futile. *See, e.g., Phillips v. Cnty. of Allegheny,* 515 F.3d 224, 245 (3rd Cir. 2008) ( where the court declares, "if a complaint is subject to a Rule 12(b)(6) dismissal, a district court must permit a curative amendment unless such an amendment would be inequitable or futile"). The Court did not err when it did not grant Plaintiff leave to amend to name the United States as a defendant. Amendment of Plaintiff's Fifth Amendment claim, as well as his FTCA and RICO claims, would be futile.

---

*Id*. at 102 (quoting *United States v. Pelullo*, 964 F.2d 193, 208 (3d Cir. 1992)).

*Robinson v. Dep't of Homeland Sec.*
Case No. 3:22-cv-0021
Memorandum Opinion
Page 9 of 9

## IV. CONCLUSION

Because the Court finds that it did not commit error in its Memorandum Opinion and Order (ECF Nos. 27 and 28) and, thus, that they need not be "altered or amended," Plaintiff is not entitled to reconsideration, and the Court will deny Plaintiff's Rule 59(e) motion. An appropriate Order follows.

**Dated:** October 4, 2023                               /s/ *Robert A. Molloy*
                                                         **ROBERT A. MOLLOY**
                                                         **Chief Judge**